IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JAN 1 9 2006 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DAVID ZBARAZ, M.D., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 84 C 771 |
| ) | |
| LISA MADIGAN, Attorney General ) | Honorable Paul E. Plunkett |
| of Illinois, and RICHARD A. DEVINE, ) | |
| State's Attorney of Cook County, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF MOTION

To:  **See Attached Service List**

PLEASE TAKE NOTICE that on _____, 2007, at _____ __.m., I shall appear before the Honorable Paul E. Plunkett, or whoever may be sitting in his stead, in Room 2266 of the U.S. District Court, Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, Illinois, to present the attached **DEFENDANTS' PETITION TO PRESENT JUDICIAL BYPASS RULE FOR REVIEW AND FOR FURTHER RELIEF**, a copy of which is hereby served upon you.

LISA MADIGAN
Attorney General of Illinois

THOMAS A. IOPPOLO
Assistant Attorney General
General Law Bureau
100 West Randolph St., 13th floor
Chicago, Illinois 60601
312/814-7198

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the above named, at the addresses indicated, via hand delivery, on the 19th day of January, 2007.

Assistant Attorney General

## **SERVICE LIST**

Colleen K. Connell
Roger Baldwin Foundation of the ACLU
180 N. Michigan Avenue, Suite 2300
Chicago, IL  60601-5931

Lorie A. Chaiten
Roger Baldwin Foundation of the ACLU
180 N. Michigan Avenue, Suite 2300
Chicago, IL  60601-5931

Kathleen L. Roach
Sidley Austin
One S. Dearborn
Chicago, IL  60603

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 1 9 2006  WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DAVID ZBARAZ, M.D., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 84 C 771 |
| ) | |
| LISA MADIGAN, Attorney General ) | Honorable Paul E. Plunkett |
| of Illinois, and RICHARD A. DEVINE, ) | |
| State's Attorney of Cook County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' PETITION TO PRESENT JUDICIAL BYPASS
RULE FOR REVIEW AND FOR FURTHER RELIEF**

Defendants, Lisa Madigan, Attorney General of Illinois, and Richard A. Devine, State's Attorney of Cook County, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, respectfully petition the Court as follows:

1. This is a class action which originally challenged the constitutionality of the Illinois Parental Notice of Abortion Act of 1983 ("Act"). Shortly before the 1983 Act was to take effect in 1984, it was temporarily enjoined. On May 4, 1984 the district court permanently enjoined that Act. Zbaraz v. Hartigan, 584 F.Supp. 1452 (N.D. Ill. 1984)(holding that the 1983 Act was constitutionally defective).

2. On appeal to the United States Court of Appeals for the Seventh Circuit, this Court's holding that the Act's 24-hour waiting period was unconstitutional and the

injunction against it were affirmed, and that provision was severed from the Act. The Court of Appeals, however, vacated the holding that the remainder of the Act was unconstitutional and remanded the case to the district court "for a determination of the constitutionality of the waiver of notice proceedings when such rules are enacted." Zbaraz v. Hartigan, 763 F.2d 1532, 1545 (7th Cir. 1985). Enforcement of the statute was also enjoined until the promulgation of adequate judicial bypass rules.

3.  A divided United States Supreme Court affirmed the Seventh Circuit without opinion. Hartigan v. Zbaraz, 484 U.S. 171 (1987).

4.  On June 19, 1989, the Supreme Court of Illinois enacted judicial bypass rules, which were to become effective on August 1, 1989. The United States Supreme Court, however, on July 3, 1989, agreed to review two parental notice statutes - one from Ohio, the other from Minnesota.

5.  On June 25, 1990 the Supreme Court decided those cases. Hodgson v. Minnesota, 497 U.S. 417 (1990) and Ohio v. Akron Center for Reproductive Health, 497 U.S. 502 (1990).

6.  On August 10, 1990 defendant Attorney General Hartigan filed a "petition to present judicial bypass rules for review pursuant to Seventh Circuit mandate and for further relief."

7. On October 3, 1991 this Court denied that petition and continued the injunction as to the 1983 Act. Zbaraz v. Hartigan, 776 F.Supp. 375 (N.D. Ill. 1991) (holding that the waiver of notice procedure provided by the 1983 Act and Illinois Supreme Court Rule 307 were unconstitutional).

8. On June 1, 1995 the Parental Notice of Abortion Act of 1995 (750 ILCS 70/1 et seq.) was enacted; plaintiffs filed a Verified Supplemental Complaint and this Court entered a temporary restraining order, which enjoined enforcement or application of the 1995 Act.

9. On June 9, 1995 this Court entered an Agreed Preliminary Injunction with respect to the 1995 Act because the Supreme Court of Illinois had not been afforded an opportunity to promulgate judicial bypass rules as requested by Section 25(g) of the 1995 Act. Section 25(g) provides that the "Supreme Court is respectfully requested to promulgate any rules and regulations necessary to ensure that proceedings under this Act are handled in an expeditious and confidential manner."

10. On December 22, 1995 defendants, Attorney General Ryan and Cook County State's Attorney Jack O'Malley, filed a written status report advising this Court that the Supreme Court of Illinois had declined to promulgate additional rules under the 1995 Act.

11. On February 9, 1996 this Court entered a Permanent Injunction Order

3

finding that the Supreme Court of Illinois had advised that no additional rules would be promulgated and that the "1995 Act, therefore, remains incomplete and cannot be implemented." (Slip op. at pars. 4-5).

12.   On September 20, 2006 the Supreme Court of Illinois adopted Rule 303A, effective immediately. The rule is entitled "Expedited and Confidential Proceedings Under the Parental Notification of Abortion Act." (Attached as Exhibit A).

13.   It is, therefore, appropriate at this time to ask this Court to review the 1995 Act and Rule 303A.

14.   Accordingly, defendants ask that the Court set an appropriate schedule to determine the constitutionality of the 1995 Act and the new rule.

15.   Defendants also ask that any order allowing the statute to take effect be stayed until such time as the circuit court and appellate court systems throughout the State are administratively prepared to implement the judicial bypass procedures provided by the 1995 Act and Rule 303A.

16.   In addition, defendants ask that pursuant to Rule 53 of the Federal Rules of Civil Procedure, the court appoint Zaldwaynaka L. Scott to serve as special master to report on the status of the State Court Systems' preparation to implement the judicial bypass procedures. Ms. Scott has agreed, subject to approval and appointment by the

Court, to serve as special master without compensation.

WHEREFORE, for the foregoing reasons, Defendants Lisa Madigan, Attorney General of Illinois and Richard A. Devine, State's Attorney of Cook County, respectfully request this Honorable Court to:

1. Set an appropriate schedule;

2. Based upon the Court's review of the 1995 Act and Rule 303A, dissolve the February 9, 1996 injunction;

3. Stay any order dissolving the February 9, 1996 injunction until such time as the circuit court and appellate court systems are administratively prepared to implement the judicial bypass procedures provided by the 1995 Act and Rule 303A;

4. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois         By:    *Thomas C. Ioppolo* (signature)
                                            THOMAS A. IOPPOLO
                                            Assistant Attorney General
                                            General Law Bureau
                                            100 W. Randolph Street, 13th Fl.
                                            Chicago, Illinois 60601
                                            (312) 814-7198

M.R. 3140

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

Order entered September 20, 2006.

Supreme Court 303A is adopted, effective immediately, as follows:

New Rule 303A

**Rule 303A. Expedited and Confidential Proceedings Under the Parental Notification of Abortion Act**
    **(a) Entry of Judgment in the Circuit Court.** Upon the filing of a petition in the circuit court for judicial waiver of notice under the Parental Notification of Abortion Act, the circuit court shall rule and issue written findings of fact and conclusions of law within 48 hours of the time that the petition is filed with weekends and holidays excluded, except that the 48-hour limitation may be extended at the request of the minor or incompetent person. The court shall endeavor to rule at the conclusion of any hearing on the petition, but in any event shall rule within 48 hours of the filing of the petition, weekends and holidays excluded, except that the time period for ruling may be extended at the request of the minor or the incompetent person. If the decision is not rendered immediately following a hearing, then the petitioner shall be responsible for contacting the clerk of the court for notification of the decision. All notifications pursuant to this procedure may be informal and shall be confidential. If the court fails to rule within the 48-hour period and an extension is not requested, then the petition shall be deemed to have been granted and the notice requirement shall be waived. A decision denying a judicial waiver of notice is a final and appealable order, which is appealable in the manner provided in the following paragraphs of this rule.
    **(b) Review to the Appellate Court as a Matter of Right.** In accordance with the provisions of this rule, a minor or incompetent person shall be entitled to an appeal to the Appellate Court as a matter of right when the circuit court denies her a waiver of notice under the Parental Notification of Abortion Act.
    **(c) Review in the Appellate Court.** Review of the denial of a waiver of notice under the Parental Notice of Abortion Act shall be by petition filed in the Appellate Court. The petition shall be in writing, state the relief requested and the grounds for the relief requested, and filed within two days, weekends and holidays excluded, of entry of the denial from which review is being sought, except that the two-day period may be extended at the request of the minor or incompetent person. An appropriate supporting record shall accompany the petition, including a record of



proceedings, a copy of the petition filed in the circuit court, the decision of the circuit court, including the specific findings of fact and legal conclusions supporting the decision, and any other supporting documents or matters of record necessary to the petition. The supporting record must be authenticated by the certificate of the circuit court clerk or by the affidavit of the attorney or party filing it.

**(d) Appointment of Counsel.** The Appellate Court shall appoint counsel to assist the petitioner if she so requests.

**(e) Statement of Facts and Memoranda of Law.** The minor or incompetent petitioner may file a brief statement of facts and memorandum of law supporting her petition, which together shall not exceed 15 typewritten pages and which also must be filed within two days, excluding weekends and holidays, of the entry of the order being appealed under paragraph (a) of this Rule.

**(f) Confidentiality.** All proceedings under this rule shall be confidential. The petitioner shall be identified in the petition and any supporting memorandum in the method provided under Rule 660(c), as in appeals in cases arising under the Juvenile Court Act. Alternatively, the petitioner may use a pseudonym if she so requests. All documents relating to proceedings shall be impounded and sealed subject to review only by the minor, her attorney and guardian *ad litem*, the respective judges and their staffs charged with reviewing the case and the respective court clerks and their staffs. After entry of an order by the Appellate Court, the clerk of the Appellate Court shall review the proceedings. If leave to appeal is not sought by the petitioner, the clerk of the Appellate Court shall seal the record on appeal before returning it to the clerk of the circuit court. Any appellate court file shall also be sealed. If leave to appeal to the Supreme Court is sought, the petition for leave to appeal and all supporting documents shall identify the petitioner in manner provided under Rule 660(c). The file in the Supreme Court shall also be sealed and impounded following the decision of the Supreme Court. All notifications of court rulings under this rule may be informal and shall be confidential.

**(g) Time for Decision; No Oral Argument.** After the petitioner has filed the petition for review in the Appellate Court, along with a supporting record and any memorandum, the Appellate Court shall consider, decide the petition and issue a confidential written order within three days, excluding weekends and holidays. The petitioner shall be responsible for contacting the clerk of the Appellate Court for notification of the decision. Oral argument on the petition will not be heard.

**(h) Supreme Court Review.** If the Appellate Court affirms the denial of a waiver of notice, the petitioner may file a petition for leave to appeal with the Supreme Court within two days, excluding weekends and holidays, of the Appellate Court's decision to affirm the denial of a waiver of notice, except that the two-day period may be extended at the request of the minor or incompetent person. The petition for leave to appeal to the Supreme Court shall contain (1) a statement of issues presented for review and how those issues were decided by the circuit and appellate courts, (2) a brief statement explaining the reason for appeal to the Supreme Court, (3) any memorandum and statement of facts presented to the appellate court,

and (4) the written orders of the circuit and appellate courts. The Supreme Court shall decide whether to allow leave to appeal within three days, excluding weekends and holidays, of the filing of the leave to appeal. In deciding whether to allow leave to appeal, the Supreme Court's discretion shall be guided by the criteria listed in Rule 315(a). The confidentiality of the proceedings shall be maintained in the manner described in paragraph (f) of this rule. If leave to appeal is allowed, the petitioner must then file the record from the proceedings in the circuit court with the clerk the Supreme Court within two days, excluding weekends and holidays, of the date that leave to appeal is allowed, except that the two day period may be extended at the request of the minor or incompetent person. Oral argument in the case will not be heard. The Supreme Court shall then issue a confidential written decision within five days, excluding weekends and holidays, of the date it allowed the petition for leave to appeal. The Supreme Court shall render its decision based on the record from the circuit court, and the petition for leave to appeal and any supporting documentation filed in conjunction with the petition for leave to appeal. The petitioner shall be responsible for contacting the clerk of the Supreme Court for notification of any decisions made by the Supreme Court on either the petition for leave to appeal or the ultimate disposition of the case by the Supreme Court. All notifications of court rulings under this rule may be informal and shall be confidential.

Adopted September 20, 2006, effective immediately.