**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DAVID ZBARAZ, M.D., et al.,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 84 C 771** |
| **v.** ) | |
| ) | **HONORABLE DAVID H. COAR** |
| **LISA MADIGAN, Attorney General of** ) | |
| **Illinois et al.,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendants, Lisa Madigan, et. al.'s, motion to dissolve the February

9, 1996 Permanent Injunction Order entered at the request of Plaintiffs David Zbaraz, M.D., et

al. For the reasons stated below, Defendants' motion is DENIED.

**I. FACTS**

On June 1, 1995, the Illinois Parental Notice of Abortion Act of 1995 ("1995 Act") was

enacted, repealing the previous Illinois Parental Notice of Abortion Act of 1983. The 1995 Act

provides that a doctor may not perform an abortion upon a minor or incompetent person without

giving at least 48 hours actual notice to an adult family member. 750 ILCS 70/15. Section 20 of

the 1995 Act provides several exceptions to this rule, including: (1) if the minor or incompetent

person is accompanied by a person entitled to notice; (2) notice is waived in writing by a person who is entitled to notice, (3) the attending physician certifies in the patient's medical record that a medical emergency exists and there is insufficient time to provide the required notice, (4) the minor declares in writing that she is a victim of sexual abuse, neglect or physical abuse by an adult family member, or (5) judicial waiver of notice. In the case of abuse (4), the attending physician must certify in the patient's medical record that he or she has received the written declaration of abuse or neglect, and any notification of public authorities of abuse that may be required under other laws of this State need not be made by the person performing the abortion until after the minor receives an abortion that otherwise complies with the requirements of this Act. Under the judicial waiver (5), a court will waive notification if it determines that the minor is sufficiently mature and well informed to maker her own decision, or if notification would not be in the best interest of the minor. 750 ILCS 70/25(d). The judicial waiver of notice procedures require that court proceedings be confidential and that the anonymity of the minor is ensured; the statute requires the court to appoint a guardian ad litem, advise her of her right to court-appointed counsel, and appoint counsel upon her request. 750 ILCS 70/25(b).

Section 25(g) of the 1995 Act provides that the "Supreme Court [of Illinois] is respectfully requested to promulgate any rules and regulations necessary to ensure that proceedings under this Act are handled in an expeditious and confidential manner." 750 ILCS 70/25(g). On June 9, 1995, district court Judge Will entered an Agreed Preliminary Injunction enjoining enforcement of the 1995 Act because, at the time, the Supreme Court of Illinois had not been afforded an opportunity to promulgate the judicial bypass rules referenced in Section 25(g). On December 22, 1995, Defendants Attorney General Ryan and Cook County State's

Attorney O'Malley filed a written status report advising the district court that the Supreme Court of Illinois had declined to promulgate the judicial bypass rules requested by Section 25(g) of the 1995 Act. On February 9, 1996, Judge Plunkett entered a Permanent Injunction Order, finding that the Supreme court of Illinois had not promulgated judicial bypass procedures and rules, as required by Section 25 of the 1995 Act, and therefore, the 1995 Act remained incomplete and could not be implemented.

On September 20, 2006, the Supreme Court of Illinois adopted Illinois Supreme Court Rule 303A, effective immediately. Rule 303A is entitled "Expedited and Confidential Proceedings Under the Parental Notification of Abortion Act." Rule 303A provides, *inter alia*, that (1) upon filing of a petition for judicial waiver of notice by a minor or incompetent person, the Circuit Court shall rule and issue written findings of fact and conclusions of law within 48 hours of the time the petition was filed, (2) a minor or incompetent person shall be entitled to an appeal to the Appellate Court as a matter of right when the circuit court denies her a waiver of notice, and (3) the petitioner may use a pseudonym and all documents relating to proceedings shall be impounded and sealed subject to review by the minor only.

On January 19, 2007, Defendants filed a petition presenting Rule 303A for review, asking the court to dissolve the permanent injunction. On February 6, 2007, this court denied the petition without prejudice for lack of ripeness. On February 27, 2007, the Justices of the Supreme Court of Illinois wrote a letter to Attorney General Madigan stating,

> Representations made by the Illinois Attorney General's Office to Judge David Coar to the effect that the circuit and appellate courts of Illinois were not administratively prepared to proceed in adjudicating matters brought pursuant to the Parental Notification Act were in error. The Illinois Supreme Court, having adopted Supreme Court Rule 303A, is in compliance with section "g" of the Parental Notification Act. We presume, and therefore assert that, as with the

enactment of any new law, our state courts are prepared to proceed to apply the law as enacted.

On March 23, 2007, Defendants brought the current Motion to Dissolve the February 9, 1996 Permanent Injunction Order before this court.


## II. LEGAL STANDARD

Rule 60(b)(5) and (b)(6) grants this court authority to relieve a party from a final judgment or order if "(5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it if no longer equitable that the judgment should have prospective application," or if there is "(6) any other reason justifying relief from the operation of the judgment." A change or modification of a permanent injunction is extraordinary relief and requires a showing of extraordinary circumstances. *Protectoseal Co. v. Barancik*, 23 F.3d 1184, 1186 (7th Cir. 1994); *Money Store, Inc. v. Harriscorp Finance, Inc*., 885 F.2d 369, 372 (7th Cir. 1989); *Ben Sager Chemicals Int'l v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977). The burden is on the party seeking modification of the order to present clear evidence establishing that a significant change in either factual conditions or the law renders enforcement of the order inequitable. *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384, 112 S. Ct. 748, 116 L. Ed. 2d 867 (1992); *United States v. Rueth Dev. Co.*, 335 F.3d 598, 603 (7th Cir. 2003); *Protectoseal Co.*, 23 F.3d at 1186. The Seventh Circuit has made clear that "a court can modify an injunction that it has entered whenever the principles of equity require it do so." *In the Matter of Hendrix*, 986 F.2d 195, 198 (1993). The standard for modification is based not only on hardship to the enjoined party, but also on whether there remains a need to continue the injunction. In other words, one question to

be asked is whether the purposes of the injunction been fulfilled. *United States v. Chicago*, 663 F.2d 1354, 1360 (7th Cir. 1981).

## III. ANALYSIS

Defendants ask this court to vacate the permanent injunction on the ground that the purposes of the injunction have been fulfilled, and that equity requires the injunction to be lifted. The permanent injunction, entered by Judge Plunkett on February 9, 1996, stated that the reason for the permanent injunction was that the Supreme Court of Illinois had not promulgated rules governing waiver of notice appeals, as required by Section 25 of the 1995 Act. In New Rule 303A, entered on September 2006, the Supreme Court of Illinois specifically gives procedures for appellate review in sections (b), (c) and (h) of the New Rule. Rule 303A(c) states: "Review of the denial of a waiver of notice under the Parental Notice of Abortion Act shall be by petition filed in the Appellate Court. The petition shall be in writing, state the relief requested and the grounds for the relief requested, and filed within two days, weekends and holidays excluded, of entry of the denial from which review is being sought, except that the two-day period may be extended at the request of the minor or incompetent person." Defendants argue that the purpose of the injunction has been fulfilled, since the Supreme Court of Illinois has issued new rules for judicial bypass and appeals procedures and the change in the law has rendered continued injunction inequitable.

Plaintiffs argue that the injunction should be continued because (1) the new statute remains unconstitutional on its face, and (2) the state courts are not prepared to implement Rule 303A procedures. As to the second point, the Supreme Court of Illinois has written a letter

stating that "our state courts are prepared to proceed to apply the law as enacted." This court declines to speculate that the state courts cannot adequately implement the law, before it has had a chance to carry out the procedures. If the implementation is inadequate and an injury occurs, the injured party may then bring a separate suit when the issue is ripe. In the mean time, this court will presume that the state courts can and will carry out Rule 303A procedures properly and adequately.

The question still remains whether Rule 303A is constitutional on its face. Plaintiffs argue that Rule 303A (1) effectively denies abortions to "immature, best interest" minors, and (2) denies minors assurance of confidentiality. As to the first issue, Plaintiffs assert that the 1995 Act and Rule 303A fail to provide authorization of consent for an abortion for "best interest" minors. The 1995 Act authorizes the court to waive parental notification when it is in the "best interest" of the child, but does not authorize a method of consent for the abortion. Thus, under the statute, a "best interest" minor who has waived parental notification is left without a mechanism to obtain consent for the abortion, and thus is in legal limbo. Defendants argue that the statute would be contradictory if interpreted in this fashion, and that it should be assumed that authorization of consent for an abortion is granted when parental notification is waived. The problem with Defendants' interpretation is that it reads something into the statute that is not there, and further is not supported by the case law or statutes of other states. Defendants cite to *Lambert v. Wicklund*, 520 U.S. 292 (U.S. 1997), in arguing that waiver of notification is somehow equivalent to authorization of the procedure. *Lambert v. Wicklund* clarified that when a court determines that parental notification is "not in [the child's] best interest", it is equivalent to saying that abortion is in her best interest. *Id.* However, this reasoning is not on point for the case

at hand, where the question is whether there is a provision authorizing consent for the minor. *Lambert v. Wicklund* was based on the Montana Procedure for judicial waiver of notice, Mont. Code Anno., § 50-20-212. Under the Montana code, "The court *shall issue an order authorizing the petitioner to consent to an abortion* without the notification of a parent or guardian if the court finds, by clear and convincing evidence, that...the notification of a parent or guardian is not in the best interests of the petitioner." Mont. Code Anno., § 50-20-212(5)(b) (emphasis added). Similarly, other cases cited in *Lambert v. Wicklund* involve statutes that specifically authorize consent for abortion when parental notification is waived (*See* Ohio Code, ORC Ann. 2151.85, "If the court finds, by clear and convincing evidence...that the notification of the parents, guardian or custodian of the complainant otherwise is not in the best interest of the complainant, the court *shall issue an order authorizing the complainant to consent to the performance or inducement of an abortion* without the notification of her parents, guardian or custodian," (emphasis added); Massachusetts Code, ALM GL ch. 112, Section 12S, "A judge of the superior court department of the trial court *shall, upon petition, or motion, and after an appropriate hearing, authorize* a physician to perform the abortion if said judge determines...that the performance of an abortion upon her would be in her best interest." (emphasis added)). The Illinois statute lacks the language that permits a state court to authorize the consent for an abortion. This court cannot presume that the statute authorizes something that it does not state. As such, the minor is left without recourse, except to obtain consent from her parents, which the court, under these circumstances, has deemed not in her best interest. The statute is contradictory and incomplete on its face without an authorization of consent provision, and this court declines to lift the permanent injunction under these circumstances.

Plaintiffs also argue that Rule 303A denies minors assurance of confidentiality. First, Plaintiffs assert that general provisions stating that "proceedings shall be confidential" are insufficient, because they do not provide rules for hearings to be closed or conducted in chambers. The 1995 Act and 303A provide that all proceedings shall be confidential, that anonymity of the minor would be ensured, that the court proceedings shall be sealed, and that the minor has the right to file her petition using a pseudonym or solely her initials. The statute is clear that confidentiality must be preserved, and there is no reason to presume that state court judges will not conduct hearings in chambers or take whatever steps necessary to ensure confidentiality, as the rules require. This procedure does not facially violate any constitutional requirement of confidentiality.

Second, Plaintiffs argue that minors' confidentiality rights are at risk at the decision and appeal phases of the bypass process. Plaintiffs assert that, under Rule 303A, the onus is on the minor to contact the court for notification of decision on her bypass request. Plaintiffs claim that the requirement that the court issue written findings means that the court cannot rule while the minor is in the courtroom, and thus the minor must make repeated calls or trips to the courthouse to learn of the decision. This, Plaintiffs contend, increases the chance that the minor's privacy will be violated and does not protect the minor's right to confidentiality. Defendants assert that these concerns are hypothetical and speculative. This court agrees. The statute and Rule 303A state that the court must endeavor to rule at the conclusion of any hearing on the petition. Rule 303A(a). That is, for most cases, the minor should receive a decision at the hearing. The trial court is further required to issue written findings of fact and conclusions of law within 48 hours of the time the petition was file, except if the minor requests a longer period. 750 ILCS 70/25(c);

Rule 303A(a). If the court should fail to issue a written ruling in 48 hours, the petition is deemed granted. Id. Under the statute, the minor will have a guardian, and can be appointed counsel. 750 ILCS 70/25(b). There is no reason to expect the minor to make repeated trips to the courthouse or repeated phone calls, when the minor's guardian and/or appointed counsel may do so. There is also nothing to suggest that communication by the judge or judge's staff would expose the minor or be otherwise unconfidential. The procedure for the decision-making is not unconstitutional on its face.

Plaintiffs also argue that the appeal process violates the minor's constitutional rights, because it may take the minor more than two days to learn of the decision, at which point, the two-day appeal window would have expired. The Fourth Circuit has addressed this issue, finding that a twenty-four hour appeal deadline is constitutional when (1) the minor is appointed a guardian ad litem and counsel if so requested, (2) the trial court issue its ruling at the conclusion of the hearing, and (3) the minor had only to sign and date a pre-printed notice of appeal that was on the back of the order she received at the end of her hearing in order to file for appeal. *Manning v. Hunt*, 119 F.3d 254, 275 (4th Cir. 1997). The Sixth Circuit has also found that a twenty-four hour appeal deadline does not place an undue burden upon a minor's ability to pursue a judicial bypass, where (1) an appeal may be authorized in advance before the decision; (2) the trial court is required to make a decision within 48 hours, and thus limits the time a minor needs to stay in contact with the court; and (3) the juvenile court is required to advise the minor that she has the right to court-appointed counsel. *Memphis Planned Parenthood v. Sundquist*, 175 F.3d 456, 462 (6th Cir. 1999). Although this court is not bound by the decision of other circuits, due weight is given to their reasoning. In the present case, the Rule 303A(a) provides

that the Illinois trial court "shall endeavor to rule at the conclusion of any hearing on the petition, but in any event shall rule within 48 hours of the filing of the petition." Thus, in many cases, the minor should be notified of the decision at the court hearing, and would not be required to find out the decision after. Further, like the Tennessee courts, the trial court is required to make a decision within 48 hours, limiting the amount of time the minor needs to stay in contact with the court. Finally, the Illinois statute requires that the trial court appoint a guardian ad litem and advise the minor that she has a right to court-appointed counsel, and provide her with counsel upon request. 750 ILCS 70/25(b). Both the Fourth Circuit and the Sixth Circuit found this to be a compelling alleviation of the minor's burden to maintain her own case. This court agrees. Therefore, this court declines to find that the appellate procedure outlined in 750 ILCS 70/25(b) and Rule 303A is unconstitutional on its face.

Finally, Plaintiffs argue that the 1995 Act fails to assure confidentiality for abused and neglected minors. The 1995 Act provides that parental notification shall not be required if "the minor declares in writing that she is a victim of sexual abuse, neglect, or physical abuse by an adult family member," and "the attending physician must certify in the patient's medical record that he or she has received the written declaration of abuse or neglect." 750 ILCS 70/20(4). Further, "any notification of public authorities of abuse that may be required under other laws of this State need not be made by the person performing the abortion until after the minor receives an abortion that otherwise complies with the requirements of this Act." *Id*. Physicians and their medical staff are mandated to report abuse under the Illinois Abused and Neglected Children Reporting Act ("ANCRA"). 325 ILCS 5/4. Thus, under the 1995 Act and ANCRA, a minor must declare to her physician that she is a victim of abuse, the physician must report the abuse to the

Department of Children and Family Services ("DCFS") after the abortion, DCFS will run an investigation, and during investigation, the alleged abuser is entitled to receive a copy of all information that DCFS maintains in its central register pertaining to the case. *Id*. §7.4(b) The person(s) having legal responsibility over the minor also has access to the records. *Id*. §11.1(6). Plaintiffs argue that the information available to the parent can include the name of the physician making the report, and if the physician is the abortion provider, the information is tantamount to disclosure of the minor's abortion. Plaintiff acknowledges that section 7.19 of the ANCRA allows the DCFS to seek a court order "prohibiting the release of any information which the court finds is likely to be harmful to the subject of the report." However, Plaintiffs argue that the DCFS is not required to do so, and there are no provisions that require such safeguards for the minor.

Defendants contend that to ensure absolute protection of the minor's confidentiality would be total immunity for the offender, because the criminal act would not be investigated or charged for fear that the parents would learn of the minor's abortion. This court does not agree. It does not seem that protecting a minor's confidentiality of abortion from the parents would require DCFS to drop the investigation of abuse altogether. Given section 7.19 of the ANCRA, the court may, upon request from DCFS, prohibit the release of abortion information to the parents (which is likely to be harmful to the minor), while DCFS continues in the investigation of the abuse. The question is whether requiring affirmative action by DCFS before this information can be restricted imposes an undue burden on the minor. There is no reason for this court to assume that DCFS will not request such an order, when it is in the best interest of the minor. Plaintiffs have not suggested that DCFS would be vulnerable to political or fiscal

influences which would affect its decision to seek an order. The statute provides for protection of the minor's confidentiality, and this court will not presume that protection will not be taken or assume a worst-case-scenario of unconstitutionality.

Plaintiffs rely on *Planned Parenthood v. Miller*, where the Eighth Circuit held that South Dakota's bypass law for abused and neglected minors fell short of protecting the confidentiality of the minor's decision to have an abortion. 63 F.3d 1452, 1461 (8th Cir. 1995). The Eighth Circuit reasoned that because "South Dakota law provides numerous opportunities for a parent accused of child abuse to obtain the physician's report of the daughter's abuse" and South Dakota only had one doctor who performed abortions at the time, "the minor's decision to seek an abortion would be revealed merely by the name of the reporting physician." *Id*. Further, "that decision would certainly come to light when the state called the doctor who reported the abuse to testify in the abuse proceeding. In practice, it seems, South Dakota's abuse exception will sometimes result in parental notification, even if after-the-fact." *Id.* The Eighth Circuit found this to be unduly burdensome and unconstitutional. There are several differences between the South Dakota and Illinois. Notably, the Eighth Circuit opinion does not state that there was an option for the court to prohibit the release of information which is likely to be harmful to the minor. This is a safeguard that the ANCRA provides. Further, a cursory internet search shows that Illinois today has many more abortion clinics than the single physician in South Dakota at the time of the *Miller* decision. To argue that the name of the physician performing the abortion will necessarily reveal the abortion does not hold the same weight in this case. The 1995 Act's protection for abused and neglected minors is not unconstitutional on its face.

## IV. CONCLUSION

       For the foregoing reasons, this court declines to lift the permanent injunction.


Enter:

/s/David H. Coar
_____

David H. Coar
United States District Judge


**Dated: February 28, 2008**